[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12452
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2011
JOHN LEY
CLERK

Agency No. A088-411-360

BAUDILIO ADONIAS LOPEZ Y LOPEZ,

                                             Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                             Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 1, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Baudilio Adonias Lopez y Lopez seeks review of the Board of Immigration

Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal under the Immigration and Nationality Act ("INA") and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Lopez argues that the BIA's adverse credibility determination was not supported by the record, and argues that he suffered persecution from gangs in Guatemala on account of his religious beliefs.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA's opinion in this case did not expressly adopt the IJ"s opinion, we review only the BIA's opinion.

We review administrative fact findings under the substantial evidence standard, and must affirm the BIA's decision if, viewing the evidence and inferences therefrom in the light most favorable to the decision, it is supported by reasonable, substantial, and probative evidence. *Id*. at 1283-84; *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). We will reverse a finding of fact by the BIA only where the record compels reversal, not where it merely supports a contrary conclusion. *Adefemi*, 386 F.3d at 1027.

Under the REAL ID Act, a trier of fact may, "[c]onsidering the totality of

2

the circumstances," base a credibility determination on:

> "the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."

8 U.S.C. § 1158(b)(1)(B)(iii) (codifying the REAL ID Act of 2005, Pub. L. No. 109-13, § 101, 119 Stat. 302). Inconsistent statements and contradictory evidence are cogent reasons that can support an adverse-credibility finding. *Matter of S-M-J*, 21 I. & N. Dec. 722, 729 (BIA 1997). An adverse credibility determination does not excuse the IJ's duty to consider other evidence produced by an asylum applicant. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). However, as long as all the evidence submitted by an applicant is considered, the IJ does not need to specifically address every piece of evidence presented. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006). But, the weaker an applicant's testimony, the greater the need for corroborative evidence. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

Under the INA, the Attorney General may not remove an alien to a country

3

where it is more likely than not that the alien's "life or freedom would be threatened . . . because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). In the case of an application for withholding of removal, a showing of past persecution on a protected ground generally raises a rebuttable presumption that the alien "had a 'well-founded fear of future persecution,'" and shifts the burden to the government to show that conditions in the country have changed, or that the alien could avoid a future threat through relocation. *Tan*, 446 F.3d at 1375. To establish a well-founded fear of future persecution, an alien must demonstrate that his fear of persecution is subjectively genuine and objectively reasonable. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." *Id.* (citation omitted). "[T]he objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (internal quotation marks and citation omitted).

To qualify for protection under the CAT, Lopez must establish that it is more likely than not that he will be tortured upon repatriation. 8 C.F.R. § 208.16(c)(2). Torture is "any act by which pain or suffering, whether physical or

mental, is intentionally inflicted on a person . . . for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

In this case, substantial evidence supported the BIA's determination that Lopez's testimony was not credible. Lopez's application for asylum and withholding of removal did not mention any persecution on account of his religion, and he testified at trial that he feared harm from the gangs because he was not a member. Lopez also presented no evidence that the Guatemalan government consented or acquiesced to the harm he allegedly suffered.

Upon review of the entire record on appeal, and after consideration of the parties' briefs, we deny the petition for review.

**PETITION DENIED.**

5